IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERESA HUFFMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:24-cv-01745-S-BT |
| | § | |
| U.S. BANK N.A., IN ITS CAPACITY AS TRUSTEE FOR THE REGISTERED HOLDERS OF MASTR ASSET BACKED SECURITIES TRUST 2005-NC1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-NC1, and PHH MORTGAGE CORPORATION, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this removed civil action arising out of foreclosure proceedings initiated against Plaintiff's home is Defendants' Motion to Dismiss (ECF No. 6). On January 17, 2025, the Court held a hearing on the Motion. As stated at the hearing, and for the reasons set forth below, the District Judge should **GRANT** Defendants' Motion, but allow Plaintiff to amend her complaint. If Plaintiff fails to timely file an amended complaint, the District Judge should dismiss her claims with prejudice.

**BACKGROUND**

Plaintiff Teresa Huffman, through an attorney, commenced this civil action in state court challenging Defendants' efforts to foreclose on her Grand Prairie

1

home (the "Property"). In her Original Petition, Huffman alleges that she obtained a loan from New Century Mortgage Corporation (New Century) in 2004. *See generally* Pet. (ECF No. 1-3). As part of that transaction, she executed a Promissory Note, secured by a Deed of Trust[1] and a lien on her Property. *Id.* ¶ 12. New Century assigned its interest in the loan to Defendant U.S. Bank N.A., in its capacity as Trustee for the Registered Holders of MASTR Asset Backed Securities Trust 2005-NC1, Mortgage Pass-Through Certificates, Series 2005-NC1 (U.S. Bank). *Id.* ¶ 13. Defendant PHH Mortgage Corporation (PHH) serviced the loan. *Id.* In December 2018, Huffman and Defendants entered into a loan modification agreement modifying the terms of the loan. *Id.* ¶ 14. While Huffman "performed as required," Defendants "failed to honor the agreement" and sought to foreclose on the Property. *Id.* Based on these facts, Huffman filed an Original Petition in Dallas County District Court asserting claims for breach of contract, quiet title, and violations of the Texas Debt Collection Act. *See generally* Pet.

Defendants removed the lawsuit to federal court (ECF No. 1) and then filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[2] *See generally*

---

[1] Although Huffman's Petition recites that the Deed of Trust is attached to the pleading, no such document was included as part of the state court record. Defendants, however, submitted a copy of the pertinent security instrument, a "Texas Home Equity Security Instrument (First Lien)," with their Motion to Dismiss. *See* ECF No. 6-1.

[2] At the January 17 hearing, Defendants' counsel confirmed that Defendants removed on the basis of diversity jurisdiction. The Notice of Removal's reference to federal question jurisdiction, *see* ECF No. 1 ¶ 12, is a mistake.

Mot. Dismiss (ECF No. 6). Huffman filed her Response (ECF No. 8), and Defendants filed their Reply (ECF No. 9).

The Court held a hearing on Defendants' Motion on January 17, 2025. Lead counsel for both parties appeared, and Huffman attended the hearing too, as required. *See* Order (ECF No. 11). Following the hearing on Defendants' Motion, the Court granted Huffman's counsel's motion to withdraw (ECF No. 10, 13). Accordingly, Huffman will proceed *pro se*, meaning she will represent herself going forward, unless she retains another attorney to represent her and that attorney enters an appearance in the case.

## LEGAL STANDARDS

When deciding a Rule 12(b)(6) motion for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Iqbal*, 556 U.S. at 678.

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include documents attached to or incorporated in the complaint. *See In re Katrina Canal Breaches Litig.*, 495 F.3d at 205; *Telltabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Also, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007).

## ANALYSIS

Huffman asserts three claims against Defendants: (1) breach of contract; (2) quiet title; and (3) violations of the Texas Debt Collection Act (TDCA). Defendants argue that the Court should dismiss all of Huffman's claims under Rule 12(b)(6) because her conclusory allegations fail to satisfy the federal pleading standards. *See generally* Mot. Dismiss (ECF No. 6). Huffman opposes Defendants' motion

4

but, in the event the Court agrees with Defendants, she seeks leave to file an amended complaint. Resp. 6 (ECF No. 8).

### A. Breach of Contract Claim

In her Petition, Huffman alleges that Defendants "failed to honor the [Loan Modification] agreement and subsequently moved multiple times for an order to foreclosure" and that "Defendant"—without specifying whether the Defendant is U.S. Bank or PHH—"fail[ed] to accept payments as required under customary practices." Pet. ¶¶ 14, 18. Defendants argue that Huffman's breach of contract claim should be dismissed because she does not plead any facts identifying the specific nature of any alleged breach by Defendants and fails to properly allege damages since foreclosure did not occur. Mot. Dismiss 5. The Court agrees.

Huffman's petition merely recites the elements of a breach of contract claim without including any factual information or ascribing any specific conduct to any particular Defendant.[3] *See id.* ¶¶ 14, 18. This does not satisfy the federal pleading standard. *See Cabrera ex rel. Lucinda Tr. v. LoanCare*, 2013 WL 664687, at *5 (N.D. Tex. Jan. 22, 2013) (Ramirez, J.) (finding that plaintiff "fail[ed] to allege *any* facts to support her formulaic recitation of the [breach of contract] elements" when she merely alleged that "Defendants' 'acts, omissions, and conduct . . . constitute

---

[3] The elements of a breach of contract claim in Texas are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014).

5

breaches of the Deed of Trust and the related agreements' between the parties"), *rec. accepted*, 2013 WL 673898 (N.D. Tex. Feb. 25, 2013) (Lynn, J.).

Further, "[a] claim for breach of a Note and Deed of Trust must identify the specific provision in the contract that was breached." *Aston Custom Homes & Design, Inc. v. Wilmington Sav. Fund Soc'y FSB*, 2023 WL 7706755, at *2 (N.D. Tex. Nov. 14, 2023) (Godbey, J.) (citing *Williams*, 560 F. App'x at 238). If a plaintiff does not identify specific provisions, then the allegations are not sufficient under Rule 12(b)(6). *Id.* (finding allegations insufficient when plaintiff did not identify the breached provisions because "[a] general assertion of rights and obligations without support of the specific provisions alleged to be breached does not raise the right to relief beyond a speculative level"). Huffman does not identify any specific provisions in the loan modification agreement that were allegedly breached. *See* Pet. ¶¶ 14, 17–18.

### B. Quiet Title Claim

Huffman asserts her quiet title claim by alleging that "Defendant makes a claim on the Property," "[the] claim is based on the lien and/or deed of trust," and "such lien or deed of trust based on the conduct of the Defendant is unenforceable." Pet. ¶ 22. She further requests a declaratory judgment under Texas Civil Practice and Remedies Code Section 37.001 that she "has title to and interest in the Property without interference of the Defendants' claim" and that "Defendants' deed is an improper cloud on [her] title." *Id.* ¶ 23. Defendants move to dismiss this claim for two reasons: Huffman has not alleged that she tendered the amount owed

on the loan, nor has she plausibly pleaded that Defendants' claim on the Property is unenforceable. Mot. Dismiss 7. Again, the Court agrees.

Huffman's Petition recites the elements to a quiet title action without alleging specific facts to support her allegations that Defendants' claim is unenforceable and that she has superior title.[4] *See, e.g.*, *Cook-Bell*, 868 F. Supp. 2d at 591 (dismissing plaintiff's quiet title claim when plaintiff "assert[ed] only that 'if the lien were enforced, it would interfere with [her] . . . use and enjoyment of the property.'"). Importantly, Huffman fails to allege that she tendered the full balance of her loan to release Defendants' lien. Mot. Dismiss 7, 12. And her failure to do so is fatal to her ability to state a claim for quiet title. *See, e.g.*, *Chowdhury v. Carrington Mortg. Servs., LLC*, 2024 WL 628027, at *7 (N.D. Tex. Jan. 18, 2024) (Horan, J.) ("The Chowdhurys fail to plead sufficient facts to establish the superiority of their title to the property because they fail to allege they tendered the amount owed on the note."), *rec accepted*, 2024 WL 628213 (N.D. Tex. Feb. 14, 2024) (Kinkeade, J.). *See also Cook-Bell*, 868 F. Supp.2d at 591 (citing *Fillion v.*

---

[4] A suit to quiet title is a request to invoke the court's equitable powers to remove a "cloud" on the plaintiff's title to the property. *Smitherman v. Bayview Loan Servicing, LLC*, 727 F. App'x 787, 790 (5th Cir. 2018) (citing *Ellis v. Waldrop*, 656 S.W.2d 902, 905 (Tex. 1983)). To prevail, a plaintiff must show: (1) an interest in a specific property; (2) title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable. *Cook-Bell v. Mortg. Elec. Registration Sys. Inc.*, 868 F. Supp.2d 585, 591 (N.D. Tex. 2012) (Fish, J.) (internal citations omitted). Further, a plaintiff bringing a quiet title action must recover on the strength of her title, not on the alleged weakness of the defendant's title. *Smitherman*, 727 F. App'x at 791 (citation omitted). That is, a plaintiff must "show a superior interest in the property." *Thompson v. Bank of Am. Nat. Ass'n*, 783 F.3d 1022, 1026 (5th Cir. 2015).

*David Silvers Company*, 709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) ("[A] necessary prerequisite to the . . . recovery of title . . . is tender of whatever amount is owed on the note.")); *Jemison v. CitiMortgage, Inc.*, 2014 WL 2739351, at 5-7 (S.D. Tex. June 17, 2014) (finding same even when the foreclosure sale had not occurred yet).

### C. TDCA Claim

Huffman alleges that Defendants violated four different sections of the TDCA: 392.301(a)(8), 392.304(a)(8), 392.304(a)(14), and 392.204(a)(19). Pet. ¶ 28. She also alleges that Defendants failed to give her proper notice prior to the foreclosure sale. *Id.* ¶ 29. Defendants argue that Huffman's TDCA claims should be dismissed because she fails to allege actionable statements or actions under the statute, and she fails to allege actual damages resulting from a TDCA violation. Mot. Dismiss 8–9. Additionally, Defendants argue that Huffman's allegations regarding lack of foreclosure notice fail as a matter of law. *Id.* 12. The Court agrees with all of Defendants' arguments.

First, the Court finds that Huffman does not allege any facts to plausibly state a TDCA claim and instead merely recites the elements of TDCA sections 392.301(a)(8), 392.304(a)(8), 392.304(a)(14), and 392.204(a)(19).

Section 392.301(a)(8) provides: "In debt collection, a debt collector may not use threats, coercion, or attempts to coerce that employ . . . threatening to take an action prohibited by law." Tex. Fin. Code. Ann. § 392.301(a)(8). Here, Huffman does not allege that Defendants employed any threats or coercion in connection

8

with their attempted foreclosure, and therefore she has not plausibly stated a claim that Defendants violated TDCA Section 392.301(a)(8). *See Cabrera*, 2013 WL 664687, at *4 (dismissing plaintiff's TDCA section 392.301(a)(8) claim for failing to allege "any facts showing that Defendants used threats or coercion in connection with the foreclosure").

TDCA Sections 392.304(a)(8), (14), and (19) all prohibit debt collectors from using fraudulent, deceptive, or misleading representations in its debt collection activities. *See* Tex. Fin. Code Ann. §§ 392.304(a)(8), 392.304(a)(14), 392.304(a)(19).[5] Huffman's claims under these sections fail because she does not allege any fraudulent, deceptive, or misleading representations by Defendants. *See Pillow v. U.S. Bank Nat'l Ass'n as Tr. for GSMPS Mortg. Loan Tr. 2006-RP1*, 2019 WL 3208895, at *4-5 (N.D. Tex. June 13, 2019) (Ramirez, J.) (dismissing general claims that do not identify specific acts or statements prohibited by the TDCA), *rec. accepted*, 2019 WL 3206154 (N.D. Tex. July 16, 2019) (Lindsay, J.); *Holloway v. Wells Fargo Bank, N.A.*, 2013 WL 1187156, at *9 (N.D. Tex. Feb. 26, 2013) (Ramirez, J.) (dismissing section 392.304(a)(14) and 392.304(a)(19) claims when plaintiff "fail[ed] to identify the 'false' or 'misleading' assertions that Defendant

---

[5] Texas Financial Code Section 392.304(a)(8) prohibits "misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding; section 392.304(a)(14) prohibits "representing falsely the status or nature of the services rendered by the debt collector or the debt collector's business"; and section 392.304(a)(19) prohibits "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer." Tex. Fin. Code Ann. §§ 392.304(a)(8), 392.304(a)(14), 392.304(a)(19).

purportedly made in violation of" those provisions), *rec. accepted*, 2013 WL 1189215 (N.D. Tex. Mar. 22, 2013) (Fish, J); *see also Swim v. Bank of Am., N.A.*, 2012 WL 170758, at *6 (N.D. Tex. Jan. 20, 2012) (Lynn, J.) (dismissing plaintiff's allegations that defendants violated section 392.304(a)(8) by "refusing to accept Plaintiff's loan payments" and "wrongfully instruct[ing] Plaintiffs not to make loan payments during the loan modification process" because "[e]ven if such acts were misleading, they do not misrepresent the character, extent, or amount of the debt" as required by the provision).

Second, the Court agrees with Defendants that Huffman's TDCA claim warrants dismissal because she has not sufficiently alleged any actual damages. *See* Mot. Dismiss 8–9. Huffman's Petition alleges that, pursuant to TDCA section 392.403, she is entitled to "recovery of all actual damages sustained as a result of violations of the TDCA, all actual direct and indirect economic damages, damages for lost time, damages for mental anguish and emotional distress, damages resulting from payment of excess or additional interest, and any consequential damages" as well as "exemplary damages and attorneys' fees." Pet. ¶ 30. However, foreclosure has not occurred, and attorneys' fees, court costs, and lost time do not constitute actual damages. *See Moore v. Lakeview Loan Servs., LLC*, 2019 WL 7161607, at *4 (W.D. Tex. Dec. 20, 2019) ("Plaintiff cannot show actual damages in this case because no foreclosure has taken place, and attorneys' fees and court costs in bringing this action do not qualify as actual damages."), *rec. accepted,* 2020 WL 8115886 (W.D. Tex. Jan. 29, 2020); *JohnCharles v. Wells Fargo Bank,*

*N.A.*, 2018 WL 6681937, at *7 (N.D. Tex. Nov. 30, 2018) (finding that "[p]laintiffs' allegations of lost equity and mental distress *due to the sale* of the Property" is not supportable when foreclosure never occurred), *rec. accepted*, 2018 WL 6652934 (N.D. Tex. Dec. 19, 2018); *Adams v. U.S. Bank, N.A.*, 2018 WL 2164520, at *6 (N.D. Tex. Apr. 18, 2018) (Horan, J.) ("Under Texas Law, time lost from work because of the pendency of a lawsuit is an expense of litigation and does not constitute actual damages."), *rec. accepted*, 2018 WL 2150960 (N.D. Tex. May 10, 2018) (Boyle, J.). Huffman's failure to plausibly allege actual damages is fatal to her TDCA claim. *See Douglas*, 2020 WL 6588598, at *7 (E.D. Tex. Oct. 21, 2020) (finding plaintiff's failure to sufficiently plead damages fatal to her TDCA claim), *rec. accepted*, 2020 WL 6581863 (E.D. Tex. Nov. 10, 2020); *Keyes v. Wells Fargo Bank, N.A.*, 2020 WL 4228168, at *6 (N.D. Tex. June 23, 2020) (Horan, J.) ("To maintain an action under the TDCA, a plaintiff must plead actual damages."), *rec. accepted*, 2020 WL 4220459 (N.D. Tex. July 22, 2020) (Fish, J.).

Lastly, the Court finds that Huffman's argument regarding improper notice of a foreclosure sale also fails to state a claim. She merely alleges in the TDCA section of her Petition that Defendants acted improperly by "seek[ing] to sell the Property at the foreclosure sale prior to giving the proper notices as required by Texas law and in violation of federal laws and regulations." Pet. ¶ 29. She does not reference any specific law, nor does she provide any facts regarding these purported generic statutory violations. *See id.* Huffman's general assertions regarding notice without any identification of the specific statutes or regulations at

issue are insufficient to state a claim under Rule 12(b)(6), as they do not give "fair notice of the claim" or contain "plausible factual allegations to support the claim." *See Twombly*, 550 U.S. at 555.

The District Judge should therefore **GRANT** Defendants' Motion to Dismiss.

### D. Opportunity to Amend

Notwithstanding a plaintiff's failure to plead sufficient facts, district courts often afford a plaintiff "at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable" or the plaintiff advises the court that they are "unwilling or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567–68 (N.D. Tex. 2005) (Fitzwater, J.) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)).

Here, Huffman has indicated that she is able and willing to file an Amended Complaint to avoid dismissal, *see* Resp. 4–5 (ECF No. 8), and she has not amended her original state court Petition since filing this action or Defendants' removal to federal court. Therefore, Huffman should have an opportunity to file an amended complaint.

### RECOMMENDATION

The District Judge should **GRANT** Defendants' Motion to Dismiss but allow Huffman to amend her complaint. If Huffman does not file an amended complaint that states a claim for relief within the time allowed for filing objections to this

12

recommendation (explained below)—or some other deadline set by the Court—the District Judge should dismiss her claims with prejudice.

**SO RECOMMENDED.**

January 21, 2025.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district judge, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).